An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1069

Filed 5 August 2026

Mecklenburg County, Nos. 19CR226925-590, 19CR226926-590

STATE OF NORTH CAROLINA

v.

GROMOKA J. CARMICHAEL, Defendant.

Appeal by defendant from judgment entered 28 May 2025 by Judge Peter Knight in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Senior Deputy Attorney General John F. Oates, Jr., for the State.*

> *Law Office of Christopher J. Heaney, by Christopher J. Heaney, for defendant-appellant.*

PER CURIAM.

On appeal, Defendant asks this court to conduct an independent review of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), to determine whether this appeal presents any prejudicial errors. Upon review, we hold Defendant

received a fair trial, free of reversible error.

## I.    Background

On 22 July 2019, a grand jury indicted Defendant Gromoka J. Carmichael for two counts of statutory sex offence and one count of attempted sex offense in 19CRS226925 and one count each of statutory sex offense and indecent liberties in 19CRS226926.  Defendant pled not guilty to all charges.  Before trial was set to begin, the State dismissed the indecent liberty charge in 19CRS226926.

After trial on 23 January 2023, a jury found Defendant guilty of two counts of statutory sex offence and one count of attempted sex offense in 19CRS226925, and one statutory sex offense in 19CRS226926.  At the time of conviction, Defendant had no prior convictions.  Following the jury verdict, Defendant was sentenced to a term of 300 to 420 months of incarceration for the convictions pursuant to case number 19CRS226925, and a term of 300 to 420 months of incarceration for the conviction pursuant to case number 19CRS226926.  The sentences were set to run concurrently.

Defendant initially appealed this matter in 2023 arguing improper sentencing. In the first appeal, the State conceded to the error, and this Court remanded the case in part for resentencing.  *See State v. Carmichael*, 296 N.C. App. 304, 2024 WL 4491702 (2024) (unpublished).

The resentencing matter was heard on 26 May 2025.  There, the trial court resentenced Defendant to 216 to 269 months imprisonment in 19 CR 226925 to run consecutively to his existing sentence in 19 CR 226921 (a case not involved in this

matter) and to a concurrent sentence of 216 to 269 months imprisonment in 19 CR 226926. Defendant appeals.

## II. Analysis

On appeal, Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99 (1985). In accordance with *Anders* and *Kinch*, counsel advised Defendant of his right to file his own arguments and provided him with a copy of the brief, transcript of proceedings, printed record on appeal, and this Court's mailing address. Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time in which he could have done so has passed.

Pursuant to *Anders*, this Court must conduct "a full examination of all the proceedings[,]" including a "review [of] the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous." *Kinch*, 314 N.C. at 102–103 (citation omitted).

Upon review of the record, in examination for issues of arguable merit, we are unable to find any possible prejudicial error. Defendant received a proper sentence of imprisonment which was imposed within the presumptive range.

AFFIRMED.

Panel consisting of Chief Judge DILLON and Judges WOOD and GORE.

Report per Rule 30(e).